```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

BRIAN WELLS                                          CIVIL ACTION

VERSUS                                               NUMBER: 06-1810

CARNELL C. HEBERT                                    SECTION: "I"(5)


## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Brian Wells, and the State's response thereto.  (Rec. docs. 3, 10).  Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Wells' petition be dismissed with prejudice.

Petitioner Wells is a state prisoner who is presently incarcerated at the Rayburn Correctional Center, Angie, Louisiana. On March 6, 2002, pursuant to a plea agreement with the State, Wells pled guilty to one count of possession of cocaine (case No.

01-6751) and one count of distribution of cocaine within one thousand feet of a school (case No. 02-423) in the Twenty-Fourth Judicial District for the Parish of Jefferson, State of Louisiana. Wells was thereupon sentenced to five years as to the possession count and ten years as to the distribution count, with said sentences to be served concurrently.  In furtherance of the plea agreement, the State then filed a multiple offender bill of information in Wells' possession case (No. 01-6751) in which it alleged that he was a third felony offender under LSA-R.S. 15:529.1. Wells admitted to the allegations contained in the multiple offender bill of information, whereupon the original five-year sentence that had been imposed in the possession case was vacated and he was sentenced to a term of ten years as to that count under R.S. 15:529.1, with said sentence to be served with the ten-year sentence that had been imposed in the distribution case. Wells did not directly appeal either of his convictions which thus became final on March 14, 2002 when the five-day period for him to do so, exclusive of legal holidays and intervening weekends, then provided for by LSA-C.Cr.P. Art. 914(B)(1) expired and no motion therefor was made.[1]/   See Cousin v. Lensing, 310 F.3d 843, 845 (5th

---

[1]/ By Acts 2003, No. 949, §1, effective August 15, 2003, the Louisiana Legislature Amended Article 914(B)(1) to extend the five-day appeal period to thirty days.

Cir. 2002), <u>cert</u>. <u>denied</u>, 539 U.S. 918, 123 S.Ct. 2277 (2003).

On May 8, 2002, Wells executed a motion for production of documents requesting a free copy of his guilty plea and sentencing transcript as well as the waiver forms he had signed in each of his criminal cases. (St. ct. rec., vol. 2 of 3). On June 4, 2002, the trial court issued an order in each of Wells' cases directing that he be provided with a copy of the plea transcript. (St. ct. rec., vols. 1 and 2). Wells had apparently made a similar request to the Louisiana Fifth Circuit Court of Appeal which denied his writ application on July 11, 2002 on the basis that "[t]he district court granted relator's Motion for Document Production on June 4, 2002." <u>Wells v. Gegenheimer</u>, No. 02-KH-706 (La. App. 5th Cir. July 11, 2002)(unpublished order). (St. ct. rec., vol. 2 of 3). When Wells did not receive the transcript as directed, he filed a writ of mandamus with the Louisiana Fifth Circuit which, on February 21, 2003, ordered that "[t]his application is transferred to Division "P" of the 24th Judicial District Court for that division to enforce its June 4, 2002 transcript production order." <u>State v. Wells</u>, No. 03-KH-233 (La. App. 5th Cir. Feb. 21, 2003)(unpublished order). (St. ct. rec., vol. 1 of 3). The trial court ultimately mailed copies of the plea transcript to Wells on March 14 and June 5, 2003. (St. ct. rec., vols. 1 and 2).

On September 5, 2003, Wells filed a post-conviction relief

application ("PCRA") with the trial court bearing the docket numbers of both of his criminal proceedings. (St. ct. rec., vol. 2 of 3). Identical orders denying the PCRA were entered in Wells' possession case and in his distribution case on September 11 and 15, 2003, respectively. (St. ct. rec., vols. 2 and 1). From the adverse ruling issued in his drug possession case, Wells sought writs from the Louisiana Fifth Circuit. On October 29, 2003, the appellate court denied Wells' writ application, finding no error in the trial court's September 11, 2003 ruling on his PCRA. State v. Wells, No. 03-KH-1253 (La. App. 5th Cir. Oct. 29, 2003)(unpublished order). (St. ct. rec., vol. 2 of 3). Pursuant to Rule X, §5(a) of the Rules of the Louisiana Supreme Court, Wells had thirty days from the latter date in which to timely seek writs from the Louisiana Supreme Court. See, e.g., Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008). Wells, however, waited until January 6, 2004 to date and sign his writ application to the state's highest tribunal. (st. ct. rec., vol. 3 of 3).[2]/ That application was denied on February 4, 2005. State ex rel. Wells v. State, 893 So.2d 91 (La. 2005). On June 30, 2005, Wells executed a motion to amend or modify sentence bearing the docket number of both of his

---

[2]/ Wells denominated this pleading an "Application for Out-of-Time Writ of Certiorari, Mandamus and Prohibition." (St. ct. rec., vol. 3 of 3).

criminal cases. (St. ct. rec., vols. 2 and 1). On July 17, 2005, the trial court issued identical orders in each of Wells' cases denying the motion. (<u>Id</u>.). Wells dated and signed his federal habeas petition on March 16, 2006. (Rec. doc. 3-1, p. 12).[3]/

On the face of his habeas petition, Wells purports to be challenging both his drug possession and drug distribution convictions. (Rec. doc. 3-1, pp. 1,2). However, a closer review of Wells' petition and his supporting memorandum reveals that he is challenging only his sentencing as a multiple offender. (Rec. docs. 3-1, p. 5; 3-2). As Wells was only multi-billed in his drug possession case (No. 01-6751), it is that sentence alone that is being challenged in this federal habeas proceeding.

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Wells now have one year from the date that their convictions become final to timely seek federal habeas corpus relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-

---

[3]/ Wells initially attempted to file his petition <u>in forma pauperis</u> pursuant to 28 U.S.C. §1915. (Rec. doc. 1). That request was denied on April 13, 2006 but Wells did not tender the statutorily prescribed filing fee of $5.00 until January 25, 2007. (Rec. docs. 2, 3).

5

conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted in the procedural history set forth above, Wells' drug possession conviction became final on March 14, 2002. Under §2244(d), he thus had until March 14, 2003 within which to timely seek federal relief unless the one-year time period was tolled by the pendency of a properly-filed application for post-conviction relief or other collateral review. Unfortunately for Wells, it appears that he did not. In the year following the date that his drug possession conviction became final, he litigated his entitlement to a free copy of his plea transcript and he also sought mandamus relief from the Louisiana Fifth Circuit in a further attempt to secure the transcript. However, motions or proceedings merely seeking copies of documents generated in a defendant's criminal case do not qualify as "... application[s] for State post-conviction or other collateral review ..." so as to toll the limitations period under §2244(d)(2) because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Boyd v. Ward, 2001 WL 533221 at *4 (E.D. La. 2001); Brisbon v. Cain, 2000 WL

6

45872 at *2 (E.D. La. 2000).  Similarly, given their narrow scope and purpose, mandamus proceedings do not qualify for statutory tolling under §2244(d)(2) either.  Moore v. Cain, 298 F.3d 361, 366-67 (5th Cir. 2002), cert. denied, 537 U.S. 1236, 123 S.Ct. 1360 (2003).  See also Charleston v. Quarterman, 243 Fed.Appx. 859, 860 (5th Cir. 2007).  As Wells had no qualifying proceedings under §2244(d)(2) pending before the state courts in the one-year period following the date that his conviction became final, his petition is untimely and should be dismissed as such.

Alternatively, even if the Court were free to review the merits of Wells' petition, habeas relief would not be appropriate here.  Well's sole claim for relief that is "[t]he cleansing period had expired on the 1991 conviction used by the state to enhance petitioner's sentence of 2002." (Rec. doc. 3-1, p. 5).  Wells' guilty pleas to the drug charges and to the multiple offender bill of information were part of a well-negotiated agreement on the part of defense counsel whereby petitioner would serve two concurrent ten-year sentences rather than face the possibility of being multi-billed on the distribution charge and receiving a ninety-year sentence on that conviction alone.  LSA-R.S. 40:981.3(E)(1) and R.S. 15:529.1(A)(1)(b)(i).  Petitioner voluntarily pled guilty to the underlying drug offenses and to the recidivism charge without reserving his right to challenge the staleness of the predicate

convictions recited in the multiple offender bill of information. See, e.g., State v. Rose, 708 So.2d 1093, 1095 (La. App. 5th Cir. 1998).  By doing so, Wells waived any challenge to the sufficiency of the State's evidence regarding the predicate convictions.  State v. Miller, 792 So.2d 104, 113 (La. App. 4th Cir. 2001), writ denied, 818 So.2d 791 (La. 2002); State v. Ewens, 735 So.2d 89, 97-98 (La. App. 5th Cir.), writ denied, 750 So.2d 179 (La. 1999); State v. Lavigne, 675 So.2d 771, 778 (La. App. 4th Cir. 1996), writ denied, 685 So.2d 140 (La. 1997); State v. Johnson, 660 So.2d 942, 949 (La. App. 4th Cir. 1995), writ denied, 666 So.2d 1092 (La. 1996); State v. Johnson, 582 So.2d 885, 889 (La. App. 4th Cir. 1991), writ denied in part, not considered in part, 605 So.2d 1357 (La. 1992). Moreover, as noted by the trial court in its order denying Wells' PCRA, where a defendant enters a constitutionally valid guilty plea to a multiple bill, as petitioner did, the record need not reflect the actual date of discharge for purposes of triggering a cleansing statute.  State v. Randolph, 674 So.2d 413, 414-15 (La. App. 4th Cir. 1996), writ denied, 699 So.2d 59 (La. 1997).

## RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Brian Wells be dismissed with prejudice.

A party's failure to file written objections to the proposed

findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  17th  day of   October  , 2008.

                                               ALMA L. CHASEZ
                                   UNITED STATES MAGISTRATE JUDGE